UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHRISTI HILLEBRANDT** | : | **CIVIL ACTION NO. 16-cv-844** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **UNUM LIFE INSURANCE CO. OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a "Motion for Judgment Based on the Administrative Record" [doc. 12] filed by defendant Unum Life Insurance Company of America ("Unum"). Plaintiff Christi Hillebrandt ("plaintiff") has also filed a memorandum [doc. 11], pursuant to the Employee Retirement Income Security Act ("ERISA") case order issued in this matter [doc. 9], seeking judgment as a matter of law or remand of this matter to the plan administrator.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the plaintiff's request for remand [doc. 11] be **GRANTED**, that her request for judgment as a matter of law be **DENIED AS MOOT**, and that Unum's Motion [doc. 12] be **DENIED AS MOOT**, and that the matter be remanded to Unum for consideration of plaintiff's additional evidence.

### I.
#### BACKGROUND

This matter arises from the denial of claims for accidental death benefits filed with Unum by plaintiff following the death of her husband, Charles Hillebrandt ("decedent"). The decedent had basic and supplemental life insurance coverage through group policies governed by ERISA

-1-

and issued to his employer, Emerson.[1] Both policies provide for payment of additional benefits in the event that an accidental bodily injury results in a covered loss. *See* doc. 10, att. 2, pp. 34–40; doc. 10, att. 4, pp. 46–52. The policies define "accidental bodily injury" as "bodily harm resulting from accident and independently of all other causes," and "injury" as "bodily injury that is the direct result of an accident and not related to any other cause." Doc. 10, att. 2, pp. 45, 46; doc. 10, att. 4, pp. 58, 59. Unum has discretionary authority under these policies, as delegated by the plan administrator, to make benefits determinations. Doc. 10, att. 2, p. 54; doc. 10, att. 4, p. 67.

The decedent, a 58 year old, was scuba diving in Cozumel on May 3, 2015, when he "surfaced due to difficulty breathing." Doc. 10, att. 1, p. 38. He passed into a coma and was airlifted to a hospital in Houston, Texas, where he died on May 6, 2015. *Id.* In the autopsy report it was noted that the decedent had a history of hypertension, dyslipidemia, and asthma, and that the body showed signs of "[h]ypertensive and atherosclerotic cardiovascular disease" and "[e]arly acute bronchopneumonia." *Id.* at 38, 42. Microscopic examination of the lungs also showed "[f]ocal dilated airways with alveolar septal rupture." *Id.* at 43. The autopsy report concluded with the following comment:

> Although the death may have resulted from a cardiac event due to underlying cardiovascular disease, the scuba diving equipment must be examined and tested in deaths that occur in this setting. Because the scuba diving equipment is unavailable for testing, the cause and manner of death are classified as undetermined.

*Id.* at 42.

On August 18, 2015, Unum received a letter and claim form from the plaintiff,[2] making claims under the Basic and Supplemental Life policies as well as the Basic and Supplemental

---

[1] *See* doc. 10, att. 2 (basic life insurance policy) and doc. 10, att. 4 (supplemental life policy).
[2] The plaintiff is the designated primary beneficiary under both policies. Doc. 10, att. 1, p. 31; doc. 10, att. 3, p. 30.

Accidental Death policies owned by the decedent. *Id.* at 34–35. She attached medical records for the decedent and a copy of the autopsy report. *Id.* She also provided the following account:

> To assist you in a determination of this claim, you should know that Charles (Charlie) and I along with friends, were scuba diving in Cozumel, Mexico on May 3, 2015 when, while at a depth of approximately 35 feet, Charlie began to experience problems with his equipment. As Charlie began to surface, the dive master witnessed the issue and went up with him. At the surface, Charlie evidenced labored breathing and oxygen was initiated. Horribly, Charlie never recovered from the episode.
>
> After an extensive autopsy, the examining pathologist could only opine that the missing link in the determination was the ability to examine the diving equipment which apparently was the source of the problem. Upon reflection, we recognize that the equipment we rented was neither the newest or in the best shape for this dive. It is my belief and the consensus of our friends that there was an equipment failure, either mold in a line or some other defect that was the source of the resulting death.

*Id.*

Unum submitted the information provided for internal review by a consulting physician as to cause of death. *See id.* at 358–59. This review was completed on September 23, 2015, by Dr. Barbara Golder, a pathologist, who noted that the autopsy showed "no evidence of trauma apart [from] that incurred by resuscitation" and that no evaluation of the scuba gear was available. *Id.* at 359. She came to the following conclusion:

> Although it is plausible that cardiac disease is the cause of the insured's surfacing, breathing difficulty, and death, the possible contribution of equipment failure cannot be evaluated from the information in the file. As a result, I concur with the medical examiner that neither the cause nor the manner of death can be determined form [*sic*] the available information to a reasonable degree of medical certainty.

*Id.* Unum then sent a letter to the plaintiff on September 28, 2015, approving her claims for benefits under the Basic and Supplemental Life policies and advising that it was awaiting accident reports from Mexico before it made a determination as to her Accidental Death claim. *Id.* at 369–71. In November 2015, Unum received an Emergency Medical Report from the Cozumel International

Clinic, which described the decedent's condition upon admission on May 3, 2015, and an incident report from the dive instructor. *Id.* at 389–90, 399–402, 418.

Dr. Golder reviewed both reports received from Mexico and concluded:

> The incident report contains no information that bears on either disease of the body or malfunction of the equipment. From a medical standpoint, given all the information in the file, I am unable to conclude that disease of the body contributed to death. Cause and manner of death remain undetermined.

*Id.* at 435–37. Accordingly, Unum wrote to the plaintiff on December 17, 2015, denying her claims for accidental death benefits and informing her of her right to appeal. *Id.* at 502–05.

The plaintiff submitted a letter in response on January 29, 2016, stating that she was making an appeal and understood that an independent review of the file would be made as a result. *Id.* at 522. She asked "that the reviewing party or agency consider the chain reaction theory of recovery for such incidents as there is no question that Charlie did not die of natural causes." *Id.* However, it does not appear that she attached any new information for review. On February 15, 2016, Unum wrote to the plaintiff to advise that, after independent review of the available information, its original decision denying eligibility for accidental death benefits was being upheld. *Id.* at 533–36.

On May 5, 2016, the plaintiff filed suit against Unum in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 1, pp. 4–8. Unum removed the matter to this court, invoking federal jurisdiction under ERISA. Doc. 1. This court issued an ERISA case order [doc. 9], pursuant to which Unum has now provided the administrative record [doc. 10 and attachments] cited above. The time for moving to supplement the record under that order has passed, and the plaintiff has submitted her memorandum in accordance with that case order, seeking judgment as a matter of law or remand of this matter to the plan administrator. Doc. 11. In return, Unum has filed a motion seeking judgment as a matter of law based on the administrative record, which plaintiff opposes. Docs. 12, 14.

## II.
### LAW & APPLICATION

In this matter the plaintiff contends that Unum's review of her claims was unreasonable and arbitrary. Doc. 1, att. 1, p. 6. She seeks a declaration of entitlement to accidental death benefits pursuant to ERISA's civil enforcement provisions, 29 U.S.C. § 1132, and now offers new information purporting to show how Unum erred in its decision. *Id.*; *see* doc. 11. She requests judgment as a matter of law on that showing or, alternatively, remand for the plan administrator to consider her new evidence. Unum opposes this, and maintains that its decision on the claims should be upheld. Doc. 12, att. 1.

### A. *ERISA Standard of Review*

Under ERISA, federal courts have jurisdiction to review benefit determinations of qualifying plans by fiduciaries or plan administrators. *Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 521–22 (5th Cir. 2000). However, "district courts hearing complaints from disappointed ERISA plan . . . beneficiaries for the administrative denial of benefits are *not* sitting, as they usually are, as courts of first impression. Rather, they are serving an appellate role." *McCorkle v. Metro. Life Ins. Co.*, 757 F.3d 452, 456 (5th Cir. 2014) (emphasis in original). In such cases, of course, the court may not substitute its own judgment for that of the plan administrator. *Id.* at 457–58.

As the parties agree, Unum's denial of accidental death benefits is subject to an abuse of discretion standard of review, based on the authority vested in the plan administrator and delegated to Unum. Doc. 11, p. 6; doc. 12, att. 1, p. 20; *see, e.g.*, *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir. 1994). The plaintiff bears the burden of showing an abuse of discretion by the plan administrator. *E.g.*, *Hargrave v. Parker Drilling Co.*, 2010 WL 3363087, *4 (W.D. La. Aug. 25, 2010) (citations omitted).

A plan administrator or fiduciary's decision to deny benefits must be based on "substantial evidence." *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004) (citation omitted). "A plan administrator abuses its discretion where the decision is not based on evidence, even if it is disputable, that clearly supports the basis for its denial." *McCorkle*, 757 F.3d at 457 (quoting *Holland v. Int'l Paper Co. Retirement Plan*, 576 F.3d 240, 246 (5th Cir. 2009)). "If the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail." *Ellis*, 394 F.3d at 273. The court's review of the plan administrator's decision "need not be particularly complex or technical; it need only assure that the administrator's decision falls somewhere on a continuum of reasonableness—even if on the low end." *McCorkle*, 757 F.3d at 457 (internal quotations and alterations omitted).

### B. New Evidence

The plaintiff's memorandum cites to various medical texts and attaches an expert opinion on the decedent's cause of death, which opinion is dated December 2016. *See* doc. 11; doc. 11, att. 1. Both parties agree that, "[i]n reviewing an [ERISA plan] administrator's decision, a court must focus on the evidence before the administrator at the time his final decision was rendered." *Offutt v. Prudential Ins. Co. of America*, 735 F.2d 948, 950 (5th Cir. 1984). Plaintiff contends, however, that the proper course of action based on her new evidence is to remand this matter to the plan administrator for further consideration. Meanwhile, Unum maintains that the evidence should be excluded as it was not in the administrative record and this court should proceed with a determination of whether the plan administrator committed an abuse of discretion based only on that record.

The Fifth Circuit remarked in *Offutt*, *supra*, that "[i]f new evidence is presented to the reviewing court on the merits of the claim for benefits, the court should, as a general rule, remand the matter to the plan administrator for further assessment." 735 F.2d at 950. Remand allows the

parties "to avoid judicial resolution of purely administrative benefits determinations." *Jones v. Metro. Life Ins. Co.*, 2013 WL 2368328, *6 (S.D. Tex. May 29, 2013) (citations omitted). Thus, "[h]istorically, the Fifth Circuit has sanctioned remand for review of evidence or issues that the plan administrator failed to consider." *Hartwell v. U.S. Foodservice, Inc.*, 2010 WL 3713496, *9 (S.D. Miss. Sep. 13, 2010) (citations omitted). However, "[n]o remand is necessary . . . when it would be a useless formality." *Offutt*, 735 F.2d at 950.

The Fifth Circuit has since underscored the importance of submitting any additional evidence to a plan administrator prior to filing a lawsuit. *See Hamburg v. Life Ins. Co. of North America*, 470 Fed. App'x 382, 385 (5th Cir. 2012) (citing *Vega v. Nat'l Life Ins. Svcs., Inc.*, 188 F.3d 287, 300 (5th Cir. 1999) (en banc), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008)). The court emphasizes that it "want[s] to encourage each of the parties to make its record before the case comes to federal court," and that "allowing the case to oscillate between the courts and the administrative process prolongs a relatively small matter that, in the interest of both parties, should be quickly decided."[3] *Id.* (quoting *Vega*, 188 F.3d at 302 n. 13) (emphasis removed from *Hamburg*). Thus, "special circumstances" must exist to justify remand. *Fells v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2921795, *2 (S.D. Miss. Jul. 17, 2012) (citations omitted). Courts have found such special circumstances "where new evidence arises that

---

[3] However, other courts within this Circuit recognize that "*Vega* fails to provide any guidance regarding the limits of post hoc accretion of the administrative record." *Hartwell*, 2010 WL 3713496 at *6 (citing *Needham v. Tenet Select Benefit Plan*, 2004 WL 193131, *7 (E.D. La. Jan. 30, 2004)) (internal quotations omitted). As the Fifth Circuit observed shortly thereafter:
> Subsequent panels of this court and several district courts within the circuit have wrestled with this language from *Vega*, which could be read to allow claimants to add material to the administrative record long after exhausting their final administrative appeal, even without a showing that the evidence was unavailable to them while their administrative appeal was pending or that they made a good-faith effort to discover or submit the information during the administrative process . . . . Indeed, *Vega* could be read to require ERISA administrators to keep the administrative record open . . . almost indefinitely.

*Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 516 & n. 9 (5th Cir. 2010) (internal citations omitted). However, the court declined in that matter to address "the thorny timing issues posed by *Vega*" and its requirements remain uncertain with regard to submission and consideration of evidence post-administrative process and pre-suit. *Id.* at 516; *Richardson v. Metro. Life Ins. Co.*, 2014 WL 1050758, *8 (E.D. La. Mar. 14, 2014).

was unavailable prior to suit, but have refused to remand where the evidence existed prior to suit." *Id.* (citations omitted).

Plaintiff's expert report points to specific findings in the medical records and autopsy report to support a conclusion that the decedent died of an arterial gas embolism, a condition for which plaintiff's expert maintains that it is unnecessary to test the decedent's equipment. Doc. 11, att. 1, pp. 8–9. Specifically, he contends that alveolar septal rupture "is consistent with pulmonary over-expansion and arterial gas embolism." *Id.* at 8. He also states that the decedent's normal echocardiogram after resuscitation, apparently a reference to the Cozumel clinic's records, "is not a typical finding in an individual who had just sustained a fatal primary cardiac event." *Id.* at 9; *see* doc. 10, att. 1, p. 390. He maintains that "[t]he standard dictum in diving medicine is that a loss of consciousness within ten minutes after surfacing from a compressed gas dive is an air embolism until proven otherwise." Doc. 11, att. 1, p. 9.

While understanding and appreciating the Fifth Circuit's pronouncement that these types of proceedings should be decided quickly and the proceedings should not oscillate between the courts and the administrative process, we also observe that, throughout the administrative process, Unum regarded plaintiff's husband's cause of death as undetermined. Plaintiff offers no explanation for her failure to offer medical literature or expert reports prior to filing suit in May 2016, or for failing to move to supplement the record in this court;[4] but we do note that the report, dated December 28, 2016, did not exist when plaintiff filed suit in state court, that plaintiff was proceeding *pro se* during the administrative process, and that there are practical limits on introduction of evidence after completion of the administrative process, *supra* note 3. We believe neither plaintiff's claims nor her evidence sought to be introduced constitute a "relatively small

---

[4] Even after Unum raised the issue of plaintiff's failure to introduce the new material to the plan administrator before filing suit or file a motion to supplement, plaintiff offers no explanation. *See* doc. 12, att. 1, p. 17; doc. 14.

matter," and so remand in this instance would not be a "useless formality." Accordingly, the request for remand should be granted in order to allow Unum to consider the new evidence on plaintiff's claims for accidental death benefits.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the plaintiff's request for remand [doc. 11] be **GRANTED** and request for judgment on the record be **DENIED AS MOOT**, and that Unum's Motion for Judgment as a Matter of Law [doc. 12] be **DENIED AS MOOT.** It is also recommended that the matter be remanded to Unum to consider plaintiff's additional evidence and make a new determination on her claims within a time limit as determined by the district judge, and that the case be stayed pending that review.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 15th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE